UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: HAROLD WAYNE RAMEY and                       No. 7-10-13155 JA
EULA MAE RAMEY,

Debtors.

**<u>ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTORS'
CLAIM OF EXEMPTIONS BASED ON STIPULATED FINDINGS OF FACT,
AND LIMITING DEBTORS' CLAIM OF HOMESTEAD EXEMPTION TO THE REAL
PROPERTY LOCATED AT 1714 N. WASHINGTON AVE., ROSWELL, NEW MEXICO</u>**

THIS MATTER is before the Court on the Trustee's Objection to Claim of Exemptions ("Objection"), filed by the Chapter 7 Trustee, Clarke C. Coll. *See* Docket No. 13. The Chapter 7 Trustee objected to the Debtors' homestead exemption claimed in certain real property located at 1714 N. Washington Ave. and 1716 N. Washington Ave. in Roswell, New Mexico, described in Debtor's Schedule A as "primary residence and adjacent property." The Debtors responded to the Objection, and, following a preliminary hearing on the Objection, the Court directed the parties to file stipulated facts, if they wanted the issue decided on stipulated facts,[1] and simultaneous briefs.[2] The parties agreed that the Court may rule on the Objection based on the stipulated facts. *See* Amended Stipulated Findings of Fact (Docket No. 24).

After consideration of the Amended Stipulated Findings of Fact, the Debtors' Memorandum, and the Trustee's Memorandum in light of the applicable statutes and relevant case law, the Court finds that the Debtors are not entitled to claim a homestead exemption in the property located at 1716 N. Washington Ave. which is adjacent to, but separate from, their

---

[1] The parties filed Stipulated Findings of Fact on December 3, 2010, and Amended Stipulated Findings of Fact on December 8, 2010. *See* Docket No. 23 and Docket No. 24. The Court bases its decision on the Amended Stipulated Findings of Fact.

[2] Debtors filed their Brief in Support of Response to Trustee's Objection to Exemptions ("Debtors' Memorandum") on January 16, 2011. *See* Docket No. 27. The Chapter 7 Trustee filed a Memorandum in Support of Trustee's Objection to Claim of Exemptions ("Trustee's Memorandum") on January 10, 2011. *See* Docket No. 25.

residence located at 1714 N. Washington Ave.  Debtors' homestead exemption is limited to their residence located at 1714 N. Washington Ave., Roswell, New Mexico.

## STIPULATED FACTS

The Amended Stipulated Findings of Fact include the following stipulated facts:[3]

1. On Schedule A of their bankruptcy schedules, Debtors listed as combined their "primary residence and adjacent property" located at 1714 N. Washington Ave. and 1716 N. Washington Ave., Roswell, New Mexico.

2. Debtors testified at their meeting of creditors that they reside at 1714 N. Washington Ave. and that this is their home.

3. The property located at 1716 N. Washington Ave., Roswell, New Mexico, was purchased some years after the purchase of the Debtors' home at 1714 N. Washington Ave., Roswell, New Mexico.

4. The property located at 1716 N. Washington Ave. has been operated as a rental property and has been rented to relatives for the past three years.

5. The property located at 1716 N. Washington Ave. is currently rented for $200.00 per month.

6. The Debtors' Statement of Financial Affairs reflects that the Debtors received rental income from the property located at 1716 N. Washington Ave. in the amount of $2,400.00 in 2008 and in 2009.

7. Both properties share a common boundary line and are contiguous and adjacent to one another.

8. The properties are distinct and separate parcels of property with separate addresses.

---

[3] The only other facts to which the parties stipulated relate to what appears on the docket in this bankruptcy case.

9. A chain link fence separates the properties.

10. The Debtors have never occupied the home located at 1716 N. Washington Ave., but on prior occasions the Debtors have used the rental property to park personal vehicles or trailers.

11. The property (home and lot) located at 1714 N. Washington Ave. has an estimated value of $78,000.

12. The property (home and lot) located at 1716 N. Washington Ave. has an estimated value of $40,000.

## DISCUSSION

The Debtors claimed a homestead exemption in their primary residence (located at 1714 N. Washington Ave.) and in the adjacent property (located at 1716 N. Washington Ave.) under N.M.S.A. 1978 § 42-10-9. *See* Schedule C – Property Claimed as Exempt (Docket No. 1). That statute provides:

> Each person shall have exempt a homestead in a dwelling house and land occupied by the person or in a dwelling house occupied by the person although the dwelling is on land owned by another, provided that the dwelling is owned, leased or being purchased by the person claiming the exemption. Such a person has a homestead of sixty-thousand dollars ($60,000) exempt from attachment, execution or foreclosure by a judgment creditor and from any proceeding of receivers or trustees in insolvency proceedings and from executors or administrators in probate. If the homestead is owned jointly by two persons, each joint owner is entitled to an exemption of sixty thousand dollars ($60,000).

N.M.S.A. 1978 § 42-10-9 (2007 Cum. Supp.)

Debtors' claimed homestead exemption in the amount of $118,000.00 is equal to the estimated combined value of the properties. "[T]he legislative purpose[ ] of the [homestead] exemption is to benefit the debtor and to 'prevent families from becoming destitute as the result of

3

misfortune through common debts which generally are unforeseen.'" [4] In bankruptcy, and under state law, exemption statutes are construed liberally in favor of the debtor.[5]  When the debtor chooses the state exemption scheme, "the validity of the debtor's claim must be decided under state law."[6]

The Debtors cite *In re Jefferson,* 163 B.R. 204 (Bankr.D.N.M. 1993) in support of their argument a debtor's claim of homestead exemption need not be limited to one parcel of land, but can extend to contiguous lots. In *Jefferson,* the debtor owned six lots upon which were located a trailer used by the debtor as a dwelling house, a shop building, and two other trailers that the debtor rented from time to time. The *Jefferson* court held that the debtor was allowed to claim a homestead exemption in all six lots, reasoning, in part, that because the homestead exemption "is limited by value and not by size of the property" it need not be limited to a single parcel of land. *Jefferson,* 204 B.R. at 205.

The Court agrees that the New Mexico homestead exemption statute is broad enough to extend to adjacent but distinct parcels of real property even if the adjacent parcel is acquired at a later date.[7] However, based on the stipulated facts now before the Court, the Court finds that the

---

[4] *Grygorwicz v. Trujillo,* 145 N.M. 650, 653, 203 P.2d 865, 868 (2009)(quoting *Coppler & Mannick, P.C. v. Wakeland,* 2005-NMSC-022, ¶ 9, 138 N.M. 108, 117 P.3d 914 (internal quotation marks and citation omitted)).
[5] *See In re Carlson,* 303 B.R. 478, 482 (10th Cir. BAP 2004)(acknowledging that the court's construction of exemption laws "begins with the premise, true under state and federal law, that to effect their humanitarian purposes exemption laws must be liberally construed in favor of the claimant of an exemption.")(citations omitted); *In re Wells,* 132 B.R. 966, 967 (Bankr.D.N.M. 1991)(stating that "[e]xemption statutes are to be liberally construed in favor of the debtor.")(citation omitted); *Ruybalid v. Segura,* 107 N.M. 660, 666, 763 P.2d 369, 375 (Ct. App. 1988)(stating that "exemption statutes in New Mexico should be liberally construed.")(citing *Laughlin v. Lumbert,* 68 N.M. 351, 362 P.2d 507 (1961)).
[6] *Niemyjski v. Mountain States Fin. Corp. (In re Niemyjski),* 26 B.R. 466, 468 (Bankr.D.N.M. 1983)(citing *In re La Fortune,* 652 F.2d 842 (9th Cir. 1981)(remaining citations omitted)). *See also, In re Hall,* 441 B.R. 680, 685 (10th Cir. BAP 2009)(stating that "[b]ankruptcy courts look to applicable state law when determining the validity of a debtor's claim to a state law exemption.")(citing *In re Lampe,* 331 F.3d 750, 754 (10th Cir. 2003)).
[7] *See Jefferson,* 163 B.R. at 206 (allowing debtor's claimed exemption in six contiguous lots). *Cf. In re Kwiecinski,* 245 B.R. 672 (10th Cir. BAP 2000)(construing Wyoming law, concluding that debtor's claimed homestead exemption extended to separate, contiguous tracts); *In re Kretzinger,* 103 F.3d 943, 948 (10th Cir. 1996)(construing the Oklahoma rural homestead exemption statute and concluding that the debtors could claim a homestead exemption in an 80-acre tract of property, 78 acres of which the debtors leased for agricultural use to a third party);

4

Debtors are not entitled to claim an exemption in the adjacent, separate property located at 1716 N. Washington Ave.

The language in the New Mexico statute provides that a debtor may exempt as his homestead exemption "a dwelling house and land occupied by the person." N.M.S.A. 1978 § 42-10-9. The word "occupied" as used in the New Mexico exemption statute "must not be construed so narrowly as to deprive a debtor of a homestead exemption she would be entitled to but for actual physical occupancy." *Wells,* 132 B.R. at 968.

Here, the stipulated facts demonstrate that the Debtors do not, in fact, occupy the property located at 1716 N. Washington Avenue as required by the New Mexico homestead exemption statute. Nor do the stipulated facts evidence any intention on the part of the Debtors to occupy that home or the land on which it is situated.[8] To the contrary, the Debtors have stipulated that they "have never occupied the home located at 1716 N. Washington Ave.," and that they have used the property as a rental property. Further, the 1716 Washington Ave. property is a separate parcel of land with a separate address that may be separately purchased and sold[9], is separated from the Debtors' principal residence by a chain link fence, and generates rental income.[10]

---

*In re Edwards,* 281 B.R. 439 (Bankr.D.Mass. 2002)(applying a Massachusetts statute and allowing a homestead exemption in contiguous parcels of land, one where the debtor's residence was located, and the other vacant land that the debtor acquired separately and subsequently to the parcel upon which the residence was situated); *In re Allman,* 286 B.R. 402 (Bankr.D.Ariz. 2002)(applying an Arizona statute and allowing a homestead exemption in contiguous parcels of land consisting of one lot with a mobile home in which the debtor lived and an adjacent, vacant lot acquired by the debtor at a different time).

[8]*Cf. Wells,* 132 B.R. at 967 (acknowledging that, for purposes of applying the homestead exemption statute, the focus must be on the debtor's intent, and whether the debtor evinces an unequivocal intent to abandon the homestead)(discussing *Corn v. Hyde,* 26 N.M. 36, 188 P. 1102 (1920), *In re Chalin,* 21 B.R. 885 (Bankr.W.D.La. 1982) and *In re Grindal,* 30 B.R. 651 (Bankr.Me. 1983)).

[9]The fact that the Debtors purchased the 1716 N. Washington Ave. property after they acquired the 1714 N. Washington Ave. property indicates that the two properties are severable.

[10]*Cf. Allman,* 286 B.R. at 405 - 406 (noting that where "one of the two adjacent lots is not used for [the debtor's] residential purposes but instead . . . is held for investment purposes . . . it may not be appropriate to include such land as part of the homestead claim."); *Belcher v. Turner,* 579 F.2d 73, 75 (10th Cir. 1978)(construing Kansas law, concluding that debtor's claimed homestead exemption in a side-by-side duplex property in which each unit had a

5

The only indications that the Debtors "occupy" the property located at 1716 N. Washington Avenue as required by the New Mexico homestead exemption statute are that the tenants of the 1716 N. Washington Avenue property are the Debtors' relatives, and that "on prior occasions" the Debtors have parked personal vehicles or trailers on the property. These factors are insufficient to demonstrate that the homestead exemption should be allowed given the other stipulated facts before the Court. Thus, while a debtor's claim of homestead exemption is presumed to be valid, the Chapter 7 Trustee has carried his burden of rebutting the presumption and shifting the burden to the Debtors to come forward with evidence that that the homestead exemption in both contiguous properties should be allowed.[11] The Debtors have not sustained that burden.

Even though the Debtors cannot exempt the adjacent, separate property located at 1716 N. Washington, Ave., the amount of their claimed exemption in the property located at 1714 N. Washington is sufficient to exempt the entire property they use and occupy as their primary residence. Thus the purpose of the New Mexico homestead exemption statute, which is to benefit the debtor and the debtor's dependents and to protect their home, is served.[12]

---

separate entrance, driveway, garage and address, and in which the debtors leased one unit to another family, was limited to the unit occupied by the debtors); *In re Welty,* 217 B.R. 907 (Bankr.D.Wyo. 1998)(construing Wyoming law, concluding that debtor's homestead exemption did not extend to adjacent, unimproved lots acquired subsequent to lot upon which debtor's mobile home was located). *But see Edwardo Gregorio Montoya and Sally Celina Montoya,* Case No. 7-88-01625 MF, at p.4 (Bankr.D.N.M. filed June 29, 1989)(overruling creditor's objection to debtor's homestead exemption claimed in 3.45 acres that debtor split into two parcels: one parcel upon which the debtor's residence was located and the other upon which the debtor operated as a mobile home park, reasoning that although "[c]ommercial use of a property may significantly affect the value of that property, . . . the dollar limit in the statute would solve that problem.").

[11] *See* Fed.R.Bankr.P. 4003(c)(providing that "the objecting party has the burden of proving that the exemptions are not properly claimed."); *In re Robinson,* 295 B.R. 147, 152 (10th Cir. BAP 2003)(stating that a debtor's "claimed homestead exemption is presumed to be valid, and the objecting [party] bear[s] the initial burden of producing evidence to rebut the presumption. Thereafter, the burden shifted back to [the debtor] to come forward with evidence to demonstrate that the claimed exemption was proper.")(citations omitted).

[12] *Niemyjski,* 26 B.R. at 468 (adopting "the view that the purpose of the [homestead] exemption and of exemptions generally under the Bankruptcy Code is to benefit the debtor and also to benefit the debtor's dependents."). *Cf. In re Polimino,* 345 B.R. 708, 711-712 (10th Cir. BAP 2006)(construing the Colorado homestead exemption statute, acknowledging that "it is also well-established that the purpose of the homestead exemption is to provide protection for a debtor's home for himself and his dependents and assure that a debtor and his family have a residence despite

WHEREFORE, IT IS HEREBY ORDERED that the Objection is SUSTAINED. The Debtors' homestead exemption is limited to the property located at 1714 N. Washington Ave., Roswell, New Mexico.

_____
ROBERT H. JACBOVTIZ
United States Bankruptcy Judge

Date entered on docket: March 17, 2011

COPY TO:

R. "Trey" Arvizu III
Attorney for Debtors
PO Box 1479
Las Cruces, NM 88004-1479

Clarke C. Coll
Chapter 7 Trustee
PO Box 550
Roswell, NM 88202

---

insolvency.")(citations omitted). *See also Belcher v. Turner,* 579 F.2d at 75 (affirming district court's disallowance of the debtors' claimed homestead exemption in entire duplex property, reasoning that "[t]he aim [of the exemption statute] is to protect and preserve the residence of the debtor; exempting the half of the duplex in which the [debtors] reside will fully achieve that purpose.").

7